UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

O.K. INDUSTRIES, INC., et al.,

        Plaintiffs,                          Civil Action No.
                                                    04-CV-71884-DT
vs.

                                                    HON. BERNARD A. FRIEDMAN

CITY OF FLINT, et al.,

        Defendants.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AS TO COUNT I, DISMISSING COUNTS II - VI,
and DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT</u>**

This matter is presently before the court on defendants' motion for summary judgment and plaintiffs' motion for leave to amend the complaint. Both motions have been fully briefed. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide these motions without oral argument. Accordingly, the hearing that had been scheduled for June 22, 2005, is canceled.

The plaintiffs in this matter are Joseph Giacalone, Deanne Giacalone, and O.K. Industries, Inc. The defendants are the City of Flint and four individuals employed, or formerly employed, at the city's Department of Community and Economic Development. Plaintiffs allege that in June 2000 they began discussions with defendants about the possibility of obtaining a $1 million loan to finance plaintiffs' purchase of a bankrupt business. Defendants allegedly assured plaintiffs that the loan would be approved and the funds made available within 90 to 120 days. Contrary to these alleged assurances, the city loaned plaintiffs a lesser amount and distributed the

funds in installments over a much longer period of time.[1]  Plaintiffs allege that the delay, and the reduced amount of the loan, caused them financial harm, including the loss of certain properties which plaintiffs pledged as collateral to secure the loan.

This court has subject matter jurisdiction by virtue of Count I of the first amended complaint, which alleges:

COUNT I - 42 USC § 1983

19. Plaintiffs reallege and incorporate by reference paragraphs 1 through 18, and further allege:

20. At all times pertinent hereto, Flint was a municipality, acting under color of law.

21. At all times pertinent hereto, Thomas, Parker, Early and Dunlap were individuals acting under color of law.

22. OK, J. Giacalone and D. Giacalone became indebted in order to acquire real and personal properties for use in the furtherance of a project promoted by Flint and Thomas.

23. As part of the loan agreement, OK, J. Giacalone and D. Giacalone also pledged their properties as collateral for the loan.

24. Flint required the collateral security agreements to be signed prior to the execution of the loan agreement itself.

25. The reduction of the amount of the loan was without notice to or approval by OK, J. Giacalone or D. Giacalone, who had already pledged their property as security for repayment of the loan.

26. Flint, Thomas, Parker, Early and Dunlap operated the Department of Economic and Community Development utilizing customs, policies or practices which were so inadequate as to amount to deliberate indifference to the constitutional rights of citizens

---

[1]According to plaintiffs' answers to interrogatories, loan proceeds totaling $801,933.51 were paid in five installments beginning in August 2002 and ending in May 2003.  *See* Plaintiffs' Response to Defendants' Summary Judgment Motion, Exhibit 5.

>dealing with Flint, were utilized to perpetrate fraud upon the federal government and customers in violation of the regulations of The Department of Housing and Urban Development (HUD) *inter alia*, and also failed to develop customs, policies and practices which would assure that Flint did not act with deliberate indifference to the constitutional rights of citizens dealing with Flint, including adequate training, supervision and internal controls.
>
>27. The failures of Flint, Thomas, Parker, Early and Dunlap included fraudulent conduct, and deliberate indifference in the negotiation, processing, approval and disbursement of loans through the Department of Economic and Community Development.
>
>28. As a result of the actions and inactions of Flint, Thomas, Parker, Early and Dunlap in this regard, OK, J. Giacalone and D. Giacalone have been subject to a seizure and deprivation of their property without due process of law in violation of their rights under the 4th, 5th and 14th Amendments to the United States Constitution, and in violation of other rights protected under federal law.

The only other federal claim of the amended complaint, a civil RICO count, has been dismissed by stipulation. Plaintiffs' other claims all arise under state law (tortious interference, fraud/misrepresentation, breach of contract, and gross negligence).

Defendants seek summary judgment on the § 1983 claim on the grounds that they did not deprive plaintiffs of property, but only foreclosed on the pledges when plaintiffs defaulted on the loan.[2] Defendants argue they have not deprived plaintiffs of any property, but simply enforced their rights under the loan agreement. Defendants note that plaintiffs have not repaid the loan.

---

[2]The foreclosure action has been litigated in Genesee County Circuit Court. The City of Flint commenced that lawsuit against O.K. Industries and the Giacalones in April 2004; the instant action was commenced approximately three weeks later. *See* Plaintiffs' Response Brief, p. 7. In March 2005 the state court granted judgment for the City of Flint, and against O.K. Industries and the Giacalones, in the amount of $820,000 plus interest. *See* Defendants' Reply Brief, Exhibit 1. The state court's judgment also authorized a sheriff's sale of the four properties the Giacalones had pledged to secure the loan. *See id.*; *see also* Defendant's Motion for Summary Judgment, Exhibit 1 ("Business Loan Agreement Between OK Industries, Inc. and the City of Flint"), section 2.1(b), identifying the four properties by street address.

Defendants cite case authority to support their argument that no "taking" occurred in these circumstances.

In response, plaintiffs argue that they had property interests in the parcels of real property which were pledged to secure the loan, tax credits, contracts with suppliers and customers, and the right to occupy a building; and that these property interests were taken without due process. Plaintiffs cite *Christophel v. Kukulinsky*, 61 F.3d 479, 485 (6th Cir. 1995), for its statement that property interests are created by state law and that a person may not be deprived of such interests without due process of law.  Plaintiffs cite *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 482 (6th Cir. 2004), for its statement that "[r]eal property, tangible property, and intangible property, all may be the subject of takings claims."  And plaintiffs cite *Singfield v. Akron Metro. Housing Auth.*, 389 F.3d 555, 567 (6th Cir. 2004), for its statement that "property rights [can] be created by mutual understandings between the parties."

These cases do not assist plaintiffs because they stand for propositions which are not disputed.  The court does not understand defendants to be arguing that plaintiffs do not (or did not) possess the identified property interests, and for present purposes the court will assume that plaintiffs did have these interests.  The issue is not whether plaintiffs owned property, but whether defendants deprived them of it without due process.

Plaintiffs do not cite any case authority for the proposition that the state court foreclosure action failed to provide them with all of the process to which they were entitled.  Nor is the court aware of any such authority.  The Constitution requires only that the procedure by which property is taken provide the property owner with adequate notice and an opportunity to be heard so as to minimize the risk of an erroneous deprivation.  *See Mathews v. Eldridge*, 424 U.S. 319, 334-

35 (1976). In the present case, plaintiffs had every imaginable procedural protection in that the city's right to foreclose on the security upon default of the loan was litigated in state court. Under these circumstances, plaintiffs have no basis for contending that defendants deprived them of property without due process. Any argument that the city was not entitled to foreclose on plaintiffs' property could and should have been raised in the foreclosure action. If plaintiffs suffered any other financial loss as a result of defendants' alleged breach of contract or allegedly tortious conduct, plaintiffs' remedy lies exclusively in state law.

The court concludes that defendants are entitled to summary judgment on plaintiff's § 1983 claim. The court shall dismiss, without prejudice, the remaining state law claims, pursuant to *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); and *Williams v. City of River Rouge*, 909 F.2d 151, 157 (6th Cir. 1990) (same). These are state law matters which should be pursued, if at all, in state court. The court declines to exercise supplemental jurisdiction over these claims.

Plaintiffs also seek leave to file a second amended complaint, in order to add the mayor of the City of Flint and the sheriff of Genesee County as defendants.[3] The gist of the

---

[3] Para. 8 and 43 of the proposed Second Amended Complaint identify Robert Pickell as the "Prosecutor for Genesee County." However, ¶ 5(c) of plaintiffs' motion identifies Pickell as the Genesee County Sheriff. In ¶ 11(c) of their motion, plaintiffs indicate that "[t]he proposed first amended complaint" [sic] also seeks to add "Genesee County Sheriff's Deputy Chris Swanson" as a defendant, yet Swanson does not appear in the caption of the proposed second

allegations against these proposed new defendants is that

> 31. Following the filing of this action, representatives of Flint acting in concert with representatives of Genesee County began a campaign of public and private harassment of Plaintiffs, including broadcast accusations that J. Giacalone has stolen EDC loan proceeds, conducting raids upon the residences of J. Giacalone and his partner, seizing records necessary for the prosecution of this case, threatening criminal action against J. Giacalone unless he provides false testimony regarding Flint's former mayor, etc.
>
> \* \* \*
>
> 43. Williamson and Pickell utilized their positions as Mayor and Prosecutor to falsely and publicly accuse J. Giacalone of stealing HUD funds, so as to improperly adversely influence the outcome of future proceedings in this and other legal proceedings involving Defendants, in violation of Defendants' clearly established rights to due process under the 14th Amendment to the United States Constitution.

Proposed Second Amended Complaint.

Since the court is granting summary judgment for defendants on plaintiff's § 1983 claim and is dismissing the remaining claims, strictly speaking there is no complaint for plaintiffs to amend. Even if there were, the court would not permit the proposed amendment because it is untimely. Plaintiffs filed this lawsuit in May 2004 and, according to the motion for leave to amend, the alleged acts of defamation and retaliation "commenced shortly after this lawsuit was filed." Plaintiffs offer no explanation for the long delay is seeking leave to amend. In the meanwhile, discovery has closed. Further, the defamation claim is a state law matter over which the court would not exercise supplemental jurisdiction. Finally, insofar as the alleged "defamation and retaliation"

---

amended complaint or in ¶¶ 1-11thereof entitled "parties and jurisdiction." Nor, so far as the court can determine, is Swanson mentioned anywhere within the body of the proposed second amended complaint.

relate to an on-going criminal prosecution, the court would abstain from hearing the matter in any event until after the criminal matter is concluded. *See Younger v. Harris*, 401 U.S. 37 (1971).

For the reasons stated above,

IT IS ORDERED that defendants' motion for summary judgment is granted as to plaintiff's § 1983 claim (Count I); the motion is denied as moot as to plaintiffs' state law claims.

IT IS FURTHER ORDERED that plaintiffs' state law claims (Counts II, III, IV and VI) are dismissed without prejudice, as the court declines to exercise supplemental jurisdiction.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to amend the complaint is denied.

                                          \_\_s/Bernard A. Friedman_____
                                          BERNARD A. FRIEDMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE

Dated: June 21, 2005
       Detroit, Michigan